IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EXPRESS MOBILE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DREAMHOST LLC,<br><br>Defendant. | Civil Action No. 1:18-cv-01173-RGA |
| EXPRESS MOBILE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOSTWAY SERVICES, INC.,<br><br>Defendant. | Civil Action No. 1:18-cv-01175-RGA |

**MEMORANDUM ORDER**

Presently before me are Defendants' Motions to Dismiss. (C.A. 18-1173, D.I. 13; C.A. 18-1175, D.I. 13). The Parties have briefed the issues. (C.A. 18-1173, D.I. 14, 18, 24; C.A. 18-1175, D. I. 14, 17, 23). For the reasons set out below, I will grant Defendants' motions as to past damages and willful infringement. I will deny Defendant Hostway Service Inc.'s motion as to direct infringement and Defendants' motions as to patent eligibility.

Plaintiff filed these lawsuits on August 4, 2018. It alleges that Defendants infringe U.S. Patent Nos. 6,546,397 ("'397 Patent"), 7,594,168 ("'168 Patent), 9,471,287, and 9,928,044 through their use of certain website building tools such as Wordpress or Joomla. (*See* C.A. 18-1173, D.I. 10; C.A. 18-1175, D.I. 9).

1

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the complaint's factual allegations as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 555. The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). Moreover, there must be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)).

To satisfy the *Iqbal* pleading standard in a patent case, "[s]pecific facts are not necessary." *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). The Complaint need only give defendant "fair notice of what the [infringement] claim is and the ground upon which it rests." *Id.*

Defendant Hostway Services, Inc. ("Hostway") argues that the direct infringement claims of the 67-page First Amended Complaint should be dismissed for failure to meet the pleading standard. (C.A. 18-1175, D.I. 14 at 7-10). In three related cases, I have found that Plaintiff's essentially identical complaints are sufficient. (*See* C.A. 18-1176, D.I. 19; C.A. 18-1177, D.I. 26; C.A. 18-1181, D.I. 39). Hostway's argument for dismissal of Plaintiff's direct infringement

2

claims are largely identical to those made in the related cases. (*Compare* C.A. 18-1175, D.I. 14 at 7-10, *with* C.A. 18-1177, D.I. 14 at 4-6, *and* C.A. 18-1181, D.I. 28 at 5-7). Accordingly, I will deny Hostway's motion to dismiss Plaintiff's direct infringement claims.[1]

Defendants next argue that Plaintiff's willfulness claims should be dismissed. I agree. "[T]o state a claim of willful infringement, the patentee must allege facts in its pleading plausibly demonstrating that the accused infringer had committed subjective willful infringement as of the date of the filing of the willful infringement claim." *Välinge Innovation AB v. Halstead New England Corp.*, 2018 WL 2411218, at *10-12 (D. Del. May 29, 2018) (discussing *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1282 (Fed. Cir. 2017), *cert. dismissed*, No. 17-804, 2018 WL 3978434 (U.S. Aug. 17, 2018)). The complaints allege only post-filing knowledge of the alleged infringement. (C.A. 18-1173, D.I. 10 at ¶¶ 54, 72, 143, 210; C.A. 18-1175, D.I. 9 at ¶¶ 54, 72, 143, 210). Thus, they fail to meet the pleading standard for willful infringement, which requires allegations of willful conduct prior to the filing of the claim. I will grant Defendants' motion to dismiss Plaintiff's willful infringement claims. I will, however, also grant Plaintiff's request for leave to amend the complaints to plead post-filing conduct. (*See* C.A. 18-1175, D.I. 17 at 8).

Defendants separately note that Plaintiff has failed to plead compliance with the marking statute. (C.A. 18-1173, D.I. 14 at 16-19; C.A. 18-1175, D.I. 14 at 13-14). They argue that this is a basis to dismiss Plaintiff's claims to the extent that they seek past damages. 35 U.S.C. § 287(a) requires that a patentee who makes or sells a patented article mark the articles to recover past damages. It is the patentee's burden to plead compliance with § 287(a). *Arctic Cat Inc. v.*

---

[1] Plaintiff improperly included a screenshot of a content management service detection website, https://builtwith.com, as evidence that Hostway uses WordPress. (C.A. 18-1175, D.I. 17 at 4). I have not considered this new evidence in resolving this motion.

3

*Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017). Plaintiff avers that there is no evidence that there was anything for it to mark but does not argue that it pled compliance. (*See* C.A. 18-1173, D.I. 16 at 19-20; C.A. 18-1175, D.I. 17 at 5-7). At the motion to dismiss stage, I am only concerned with the sufficiency of the claims. A claim for past damages requires pleading compliance with the marking statute—even when compliance is achieved, factually, by doing nothing at all. Thus, as Plaintiff has failed to state a claim for past damages, I will grant Defendants' motions.

Defendants also argue for dismissal of half of Plaintiff's claims on the basis that the claims of the '397 and '168 Patents are invalid under Section 101. (C.A. 18-1173, D.I. 14 at 5-15; *see also* C.A. 18-1175, D.I. 14 at 14 (incorporating Section 101 argument)). Patentability under 35 U.S.C. § 101 is a threshold legal issue. *Bilski*, 561 U.S. at 602. Accordingly, the § 101 inquiry is properly raised at the pleading stage if it is apparent from the face of the patent that the asserted claims are not directed to eligible subject matter. *See Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1360 (Fed. Cir. 2017), *cert. denied*, 138 S. Ct. 2621 (2018). This is, however, appropriate "only when there are no factual allegations that, taken as true, prevent resolving the eligibility question as a matter of law." *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018). In response to Defendants' argument, Plaintiff identified factual allegations of inventiveness in the complaint and submitted an expert declaration explaining inventiveness of the claims. (*See* C.A. 18-1173, D.I. 10 at ¶¶ 12, 13, 60, 61; C.A. 18-1173, D.I. 20 (expert declaration discussing inventiveness of the claims)). I find that these factual issues preclude a finding of invalidity on a motion to dismiss. Thus, I will deny Defendants' Section 101 motion without prejudice to Defendants raising the issue again on summary judgment.

Defendants' Motions to Dismiss (C.A. 18-1173, D.I. 13; C.A. 18-1175, D.I. 13) are **GRANTED-IN-PART** and **DENIED-IN-PART**. Plaintiff's claims for past damages and willful infringement are dismissed. Plaintiff may file an amended complaint within 14 days of the entry of this order.

Entered this 18 day of June 2019.

*Richard G. Andrews*
United States District Judge